

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

September 12, 2003

The Honorable José R. Rodríguez
El Paso County Attorney
500 East San Antonio, Room 503
El Paso, Texas 79901

Opinion No. GA-0100

Re: Whether a school district's contract for "a comprehensive energy management consultation" is an energy savings performance contract under Education Code section 44.901 (RQ-0030-GA)

Dear Mr. Rodríguez:

At the request of the Ysleta Independent School District (the "YISD"), you ask whether a particular proposed contract under which the district will purchase "a comprehensive energy management consultation" would be an energy savings performance contract subject to Education Code section 44.901.[1] *See* Act of June 2, 2003, 78th Leg., R.S., H.B. 2425, § 5 (to be codified at TEX. EDUC. CODE ANN. § 44.901).

You inform us that the YISD "wishes to purchase certain energy conservation services" from Energy Education, Inc., a private energy management consulting firm. Request Letter, *supra* note 1; *see* YISD contract, *supra* note 1, at 1. Under the proposed contract, Energy Education would agree to "conduct a comprehensive energy management consultation" for the district, and in so doing, to undertake two tasks:

> 1. To provide [the YISD] board and administration with an energy management program that will enable [the district] to monitor [its] energy consumption and costs through computerization and thereby reduce the district's energy consumption and utility expenditures.

> 2. To assist [the YISD] administration [to] account for energy . . . consumption . . . throughout [the] district. This accounting will result from [the] district's [purchase and use of] an energy accounting software program which is acceptable to Energy Education . . . , at a

---

[1]Letter from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable Greg Abbott, Texas Attorney General (Mar. 12, 2003) (on file with the Opinion Committee) [hereinafter Request Letter]; Letter from John Bernard, Chief Operating Officer, Energy Education, Inc., to Hector Aranda, Director of Purchasing Services, Ysleta Independent School District, at 1 (Oct. 4, 2002) (on file with the Opinion Committee) [hereinafter YISD contract].

> cost not to exceed $15,000 and annual renewals thereafter at a cost not to exceed $1,500 per year. Energy Education will provide [the district] with the support and assistance necessary . . . to implement such a program of energy accountability.

YISD contract, *supra* note 1, at 1. Energy Education would further contract to select two "energy educator/managers" from YISD's staff, whom, although they will remain YISD employees, Energy Education would train to adjust the district's energy management system's ("EMS") programming by, among other things, changing "the temperature settings and run times of the HVAC, boiler and all other equipment . . . [that] is controlled by the district's EMS as well as in each building's lighting, sewer and water usage, time clocks and thermostat settings [that] are not controlled by the district's EMS." *Id.* at 2. The energy educator/managers would also, with Energy Education's assistance, collect and record "relevant data" and "use the computer software to create and maintain the district's energy . . . and utilities . . . consumption data . . . to provide an effective monitoring system for the district's utilities consumption and costs." *Id.* at 3. The YISD would agree to pay a monthly fee of $43,700 for forty-eight consecutive months, although Energy Education would guarantee that the district's total savings will exceed the cost of the monthly fees. *See id.* at 3, 5. The contract would continue in effect after all payments are timely made

> without further payments to Energy Education for so long as the district . . . desires and continues to substantially implement Energy Education's energy management program. During such continuation[,] the district may use all . . . confidential items and other materials furnished to it by Energy Education and may continue to implement and utilize the energy management program.

*Id.* at 6.

You ask whether section 44.901 of the Education Code would apply to this proposed contract. *See* Request Letter, *supra* note 1, at 1. Subsequent to the date of your request letter, the legislature amended section 44.901, and the amended statute became effective on June 20, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., H.B. 2425, § 5 (to be codified at TEX. EDUC. CODE ANN. § 44.901); http://www.governor.state.tx.us/division/press/bills2003#hb (listing signed bills); *see also* Act of June 2, 2003, 78th Leg., R.S., H.B. 2425, §§ 121(1), 123(a) (repealing Education Code section 44.901, as amended in 2001, and providing that the bill is effective immediately). Consequently, we consider whether the amended section 44.901 would apply.

Section 44.901 authorizes a school district's board of trustees to enter "an energy savings performance contract in accordance with this section." Act of June 2, 2003, 78th Leg., R.S., H.B. 2425, § 5 (to be codified at TEX. EDUC. CODE ANN. § 44.901(b)). Subsection (a) defines an energy savings performance contract as

> a contract for energy or water conservation measures to reduce energy or water consumption or operating costs of school facilities in which

the estimated savings in utility costs resulting from the measures is guaranteed to offset the cost of the measures over a specified period. The term includes a contract for the installation or implementation of:

(1) insulation of a building structure and systems within the building;

(2) storm windows or doors, caulking or weatherstripping, multiglazed windows or doors, heat absorbing or heat reflective glazed and coated window or door systems, or other window or door system modifications that reduce energy consumption;

(3) automatic energy control systems, including computer software and technical data licenses;

(4) heating, ventilating, or air-conditioning system modifications or replacements that reduce energy or water consumption;

(5) lighting fixtures that increase energy efficiency;

(6) energy recovery systems;

(7) electric systems improvements;

(8) water-conserving fixtures, appliances, and equipment or the substitution of non-water-using fixtures, appliances, and equipment;

(9) water-conserving landscape irrigation equipment;

(10) landscaping measures that reduce watering demands and capture and hold applied water and rainfall . . . ;

(11) rainwater harvesting equipment and equipment to make use of water collected as part of a storm-water system installed for water quality control;

(12) equipment for recycling or reuse of water originating on the premises or from other sources . . . ;

(13) equipment needed to capture water from nonconventional, alternate sources, including air conditioning condensate or graywater, for nonpotable uses;

(14) metering equipment needed to segregate water use in order to identify water conservation opportunities or verify water savings; or

(15) other energy or water conservation-related improvements or equipment . . . .

*Id.* (to be codified at TEX. EDUC. CODE ANN. § 44.901(a)). A school district may finance the contract (1) under a lease-purchase contract; (2) with bond proceeds; or (3) under a contract with the provider, although, in any arrangement, the provider must "guarantee the amount of savings to be realized by the school district." *Id.* (to be codified at TEX. EDUC. CODE ANN. § 44.901(f)-(g)). The school district must award an energy savings performance contract "according to the procedures established for procuring certain professional services by Section 2254.004, Government Code," but must publish notice "in the manner provided for competitive bidding." *Id.* (to be codified at TEX. EDUC. CODE ANN. § 44.901(h)).

The issue you raise is whether, for purposes of section 44.901, an energy savings performance contract includes only contracts for the installation or implementation of improvements or equipment, or whether it also encompasses contracts solely for services. *See id.* (to be codified at TEX. EDUC. CODE ANN. § 44.901(a)). A letter submitted in connection with this request, which characterizes the YISD contract as being solely for services, suggests that the contract is therefore not subject to section 44.901.[2] Determining whether this proposed contract is solely for services or for the installation or implementation of improvements or equipment, which may include computer software, is a fact question and is not amenable to the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating that the opinion process does not determine facts); *see also* Tex. Att'y Gen. Op. No. GA-0078 (2003) at 2 (stating that the attorney general does not construe particular contracts). We answer only the legal question.

The term "energy savings performance contract" is defined to mean only "a contract for energy or water conservation measures." Act of June 2, 2003, 78th Leg., R.S., H.B. 2425, § 5 (to be codified at TEX. EDUC. CODE ANN. § 44.901(a)). Without more, it is unclear how broadly the legislature intended the word "measures" to be construed. On one hand, the word "measures," by itself, may include any plans or courses of action.[3] Certain federal laws suggest that an "energy-savings performance contract" or an "energy savings contract" may include contracts for services, such as energy audits. *See* Exec. Order No. 13,123, § 703, 3 C.F.R. 180 (1999), *reprinted in* 42 U.S.C. § 8251 (2000); 42 U.S.C. § 8287c(3) (2000). On the other hand, other federal laws define

---

[2]Letter from Jon A. McCormick, Adams, Lynch & Loftin, P.C., to William S. Spears, President, Energy Education, Inc., at 2 (Aug. 24, 2001) (on file with the Opinion Committee) (setting out the writer's understanding that Energy Education's "people oriented energy use management program" does not require installing or retrofitting any equipment, systems, or improvements).

[3]We found no helpful case law defining the term "measure." In this context, the word is commonly understood to mean a plan or course of action. *See* IX OXFORD ENGLISH DICTIONARY 528 (2d ed. 1989); TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998).

the term "energy conservation measure" to mean a construction project or a building material or component. *See* 42 U.S.C. § 6326(4) (2000); 7 C.F.R. § 1721.104(b)(1) (2003); 10 C.F.R. § 435.302(k) (2003). The Texas legislative history sheds no light on the definition's breadth. *See, e.g.,* SENATE FINANCE COMM., BILL ANALYSIS, Tex. H.B. 2425, 78th Leg., R.S. (2003); SENATE COMM. ON NATURAL RESOURCES, BILL ANALYSIS, Tex. S.B. 1494, 77th Leg., R.S. (2001); HOUSE COMM. ON ENERGY RESOURCES, BILL ANALYSIS, Tex. H.B. 2277, 77th Leg., R.S. (2001).

Given the ambiguity of the word "measures," the second sentence of the definition serves to narrow the definition's scope to contracts that involve the installation or implementation of an improvement or equipment only, such as those listed in subsections (1) through (15). *See* Act of June 2, 2003, 78th Leg., R.S., H.B. 2425, § 5 (to be codified at TEX. EDUC. CODE ANN. § 44.901(a)). The term "includes" is typically a term of enlargement, "not of limitation or exclusive enumeration." TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 1998). It "implies that [a] list is only partial" and "'illustrative.'" *Tex. Prop. & Cas. Ins. Guar. Ass'n/S.W. Aggregates, Inc. v. S.W. Aggregates, Inc.,* 982 S.W.2d 600, 608 (Tex. App.–Austin 1998, no pet.) (quoting BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 431-32 (2d ed. 1995)). Subsection (15) in particular indicates that an energy savings performance contract may be a contract for "energy or water conservation-related *improvements* or *equipment*" only. Act of June 2, 2003, 78th Leg., R.S., H.B. 2425, § 5 (to be codified at TEX. EDUC. CODE ANN. § 44.901(a)(15)) (emphasis added).

Accordingly, for a contract to be an energy savings performance contract under section 44.901, it must be a contract for the installation or implementation of improvements or equipment intended "to reduce energy or water consumption or operating costs of school facilities" and "the estimated savings [must be] guaranteed to offset the cost." Act of June 2, 2003, 78th Leg., R.S., H.B. 2425, § 5 (to be codified at TEX. EDUC. CODE ANN. § 44.901(a)); *see* Tex. Att'y Gen. Op. No. JC-0410 (2001) at 3 (suggesting that, analogous to the *ejusdem generis* doctrine, an inclusive definition includes only items similar to those listed). Equipment for section 44.901's purposes may include conservation-related software. *Cf.* Act of June 2, 2003, 78th Leg., R.S., H.B. 2425, § 5 (to be codified at TEX. EDUC. CODE ANN. § 44.901(a)(3)) (stating that an energy savings performance contract may include a contract for "automatic energy control systems, including computer software"). A contract solely for services is not a contract for the installation or implementation of improvements or equipment and is therefore not an energy savings performance contract for purposes of section 44.901.

Whether the proposed YISD contract is solely a contract for services that is not subject to section 44.901 is a question of fact that cannot be determined in the opinion process. To the extent that it is an energy savings performance contract and therefore subject to section 44.901 of the Education Code, the YISD must comply with section 44.901's requirements, such as arranging permissible financing arrangements, filing a performance bond, and letting the contract in accordance with chapter 2254 of the Government Code.

## S U M M A R Y

For purposes of section 44.901 of the Education Code, an energy savings performance contract is a contract to install or implement energy or water conservation-related improvements or equipment, the costs of which the provider guarantees will be offset by the resulting utility cost savings. *See* Act of June 2, 2003, 78th Leg., R.S., H.B. 2425, § 5 (to be codified at TEX. EDUC. CODE ANN. § 44.901(a)). A contract solely to purchase energy-conservation-related services is not an energy savings performance contract for purposes of section 44.901.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee